# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. SCHIRRA | CIVIL ACTION |
| Plaintiff, | No. |
| vs. | |
| | **JURY TRIAL DEMANDED** |
| THOMAS MARAK, in his individual and official capacities, WALMART INC, and POINT SECURITY COMPANY INC.; | |
| Defendants. | **ELECTRONICALLY FILED** |
| | **TYPE OF PLEADING: COMPLAINT** |
| | Filed on behalf of Plaintiffs |
| | Counsel of record for this Party: |
| | Alexander H. Lindsay, Jr., Esquire<br>PA I.D. No. 15088 |
| | Max B. Roesch, Esquire<br>PA I.D. No. 326577 |
| | THE LINDSAY LAW FIRM, P.C.<br>110 East Diamond Street<br>Suite 301<br>Butler, PA 16001<br>Phone: (724) 282-6600<br>Fax: (724) 282-2672 |

1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. SCHIRRA | CIVIL ACTION |
| Plaintiff, | No. |
| vs. | |
| | JURY TRIAL DEMANDED |
| THOMAS MARAK, in his individual and official capacities, WALMART INC, and POINT SECURITY COMPANY INC.; | |
| Defendants. | |

## COMPLAINT

AND NOW comes Plaintiff John C. Schirra by and through his attorneys, Alexander H. Lindsay, Jr., Esquire, Max B. Roesch, Esquire and THE LINDSAY LAW FIRM, P.C., and files this Complaint and avers the following:

## INTRODUCTION

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendant Thomas Marak, acting under color of law while employed by Defendants Walmart Inc. and Point Security Inc. violated Plaintiff's Fourth Amendment right to be secure from a warrantless search and seizure of his person and from injuries to his person when Defendant Marak, acting under the color of law, and in the scope of his employment with Walmart Inc. and Point Security Company, Inc., assaulted him by violently shoving him against a metal pole, and chasing him through a parking lot while repeatedly spraying him with a chemical irritant without cause or reason.

2

## JURISDICTION and VENUE

2. This action arises under 42 U.S.C. § 1983. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331 and § 1343 and the Fourth and Fourteenth Amendment to the United States Constitution. This Court further has supplemental jurisdiction to hear Plaintiff's state claims of pursuant to 28 U.S.C. § 1367(a).

3. Venue is proper in the Western District of Pennsylvania as this is the district where the cause of action arose, the district where the transactions and occurrences took place out of which the cause of action arose, and is a district in which Defendants regularly conduct activity.

## THE PARTIES

4. Plaintiff, John C. Schirra, is an adult individual residing in Butler County, Pennsylvania, was and still is a citizen of the United States and the Commonwealth of Pennsylvania.

5. Defendant Thomas Marak is an adult individual and at all times material hereto was employed as a Pennsylvania State Constable and at all times material hereto Defendant Marak acted under color of law. He is sued in his individual and official capacities.

6. Defendant Walmart Inc. is a corporation, and at all times material hereto operated grocery and retail establishments throughout the Commonwealth of Pennsylvania, including such an establishment in Butler County, Pennsylvania.

7. Defendant Point Security Inc. is a corporation that provides security, and at all times material hereto provided security at the Butler Pennsylvania Walmart Store.

## STATEMENT OF FACTS

### The Encounter

10. On April 9, 2020, shortly after 5 o'clock P.M., Plaintiff arrived at the Butler Walmart to shop for groceries.

11. Plaintiff parked his vehicle and approached the main entrance of the Butler Walmart.

12. As Plaintiff approached the main entrance of the Butler Walmart, Defendant Marak physically obstructed Plaintiff from entering the store.

13. The main entrance was not obstructed by pallets or yellow tape.

14. Defendant Marak demanded that Plaintiff refrain from walking directly into the store, and that he rather walk 40 yards away to proceed through an opening between pallets, blocking the sidewalk between the left and right entrances of Walmart.

15. Plaintiff asked for clarification and then pointed out to Defendant Marak that no one was waiting in the cordoned off area, and that he would arrive in the exact physical location that he and Plaintiff were standing.

16. Defendant Marak reiterated his demand that Plaintiff walk through the cordoned off area before entering the store.

17. Plaintiff told Marak that he considered the demand unreasonable and attempted to walk around him.

18. Marak lunged in front of Plaintiff, shoving him with his chest.

19. Marak was not wearing a facemask, nor did Marak maintain the State-mandated 6 foot distance from Plaintiff and required by Walmart store due to the COVID 19 pandemic.

20. Plaintiff attempted to move to the left to avoid being shoved.

21. Marak called for store employees to "Dial 911."

22. Marak then violently pushed Plaintiff with his right arm, pinning him against a metal post.

23. Plaintiff, pinned hard against the metal post, pushed Marak's hands down off of Plaintiff's chest.

24. Marak screamed in Plaintiff's face "you're under arrest!"

25. Plaintiff asked why Marak would arrest him.

26. Marak responded that he was placing Plaintiff under arrest for "assaulting an officer of the law.".

27. Fearful of Marak's irrational escalation, Plaintiff attempted to retreat from the situation by turning and walking away.

28. Marak Seized Plaintiff's wrist and again shouted "you're under arrest!"

29. Plaintiff pulled his wrist away and asked Marak "why are you treating me this way?"

30. Marak responded by spraying pepper spray in Plaintiff's face.

31. Plaintiff again retreated from Marak, attempting to run to his car.

32. Marak chased Plaintiff through the parking lot.

33. As Plaintiff was attempting to retreat, Marak sprayed him again pepper spray.

34. While running away from Marak, Plaintiff called 911 on his cell phone.

35. Plaintiff informed the operator that a mad man with a gun, a badge, and pepper spray was attacking him.

36. The 911 operator informed Plaintiff that units were already on the way.

37. Marak then sprayed pepper spray in Plaintiff's face for a third and prolonged time while plaintiff as awaiting the arrival of police..

38. Shortly thereafter the Butler Township Police arrived.

39. Plaintiff was handcuffed and questioned.

40. After the Butler Township Police viewed surveillance video of the incident, Plaintiff was released.

41. On May 28, 2020, the Butler County District Attorney filed criminal charges against Defendant Marak for his conduct during the incident.

## The Aftermath

42. As a result of the aforementioned events, Plaintiff suffered from frequent nightmares where he wakes up shaking and in a panic.

43. As a result of the aforementioned events, Plaintiff suffers from panic attacks when he sees security guards in stores, and panic attacks so severe that he has been unable to return to the Butler Walmart

44. As a result of the aforementioned events, Plaintiff suffers back pain so severe that he is in great discomfort while sitting, standing, and driving, and loses sleep from the pain.

45. Plaintiff's injuries have not fully healed from the incidents aforementioned, and may never fully heal.

## Count 1

### JOHN C. SCHIRRA v. THOMAS MALAK, WALMART INC., and POINT SECURITY COMPANY INC.

### Violation of 42 U.S.C. § 1983: Violation of Fourth Amendment and Fourteenth Amendment: Freedom from Assault

46. The prior paragraphs are incorporated by reference as if fully set forth herein.

47. The right to be secure in one's person is protected by the Fourth and Fourteenth Amendments.

48. Defendant Malak repeatedly shoved Plaintiff, ultimately pinning him against a metal pole.

49. Defendant Malak repeatedly sprayed pepper spray, a chemical irritant, in Plaintiff's face.

50. Plaintiff suffered injuries at the hands of the Defendant Malak including severe back pain.

51. Defendant Malak's conduct has put Plaintiff in fear of imminent bodily harm whenever he came into contact with store security officers.

52. At all material times Defendant Malak acted under color of law.

53. At all material times, Defendant Malak was acting within the scope of his duties as an employee of Defendant Point Security Company, Inc. providing security for Walmart Inc.

WHEREFORE, Plaintiffs demand judgment against the in an amount in excess of the arbitrations limits, plus costs, punitive damages, attorney fees, and such relief as the Court may deem proper. A JURY TRIAL IS DEMANDED.

## PENDANT STATE CLAIMS

## Count 2

### JOHN C. SCHIRRA v. THOMAS MALAK, WALMART INC., and POINT SECURITY COMPANY INC.

### Intentional Infliction of Emotional Distress

120. The prior paragraphs are incorporated herein by reference as if set forth fully at length.

121. Defendant threatened to use pepper spray on Plaintiff with a tortious intent for the purpose of inflicting upon the Plaintiff severe and acute emotional distress.

122. Defendant threatened to arrest Plaintiff for attempting to walk through a door.

123. The communications made by Defendant were made with the intent to harm and harass the Plaintiff and made with a reckless disregard of the Plaintiffs' rights and therefore entitle the Plaintiff to receive punitive or exemplary damages in an amount to be determine at a trial upon the issues.

124. The aforesaid intentional and wanton acts of Defendants have caused the Plaintiffs severe emotional distress.

125. Because the Defendants treatment of Plaintiff, he no longer feels safe to shop at the Butler Walmart and has suffered physical symptoms including night terrors, stress, and ongoing mental suffering.

126. Defendant's conduct herein was extreme and outrageous, and Defendant acted intentionally and recklessly, and with willful misconduct thereby causing severe emotional distress to Plaintiffs.

127. "Willful misconduct, for the purposes of tort law, has been defined by [the Pennsylvania] Supreme Court to mean conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Renk v. Pittsburgh,* 537 Pa. 68, 641 A.2d 289, 293 (1994) (citing *Evans v. Phila. Transp. Co.,* 418 Pa. 567, 212 A.2d 440, 443 (1965)).

128. Defendant's conduct would cause an average member of the community to arouse his resentment against the Defendants and lead him to exclaim, "Outrageous!"

    a. Threatening to pepper spray Plaintiff;

    b. Threatening to arrest Plaintiff; and

    c. Chasing Plaintiff with pepper spray.

129. Plaintiff has suffered physical harm as a result of Defendants actions, including night terrors, stress, and ongoing mental suffering.

130. At all material times, Defendant Malak was acting within the scope of his duties as an employee of Defendant Point Security Company, Inc. providing security for Walmart Inc.

WHEREFORE, Plaintiffs demand judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

## Count 3

## JOHN C. SCHIRRA v. THOMAS MALAK, WALMART INC., and POINT SECURITY COMPANY INC.

### Assault

131. The prior paragraphs are incorporated by reference as if fully set forth herein.

132. Defendant intended to cause a harmful or offensive contact with Plaintiff and caused Plaintiffs to be in imminent apprehension of such contact.

133. Defendant used more than threatening words to put Plaintiffs in reasonable apprehension of physical injury because he was in a position to carry out the threat immediately.

134. Defendant's harmful or offensive contact caused Plaintiff to be in reasonable apprehension of physical injury.

135. Defendant was placed in actual harm and suffered the aforementioned injuries due to Defendants' willful misconduct.

136. At all material times, Defendant Malak was acting within the scope of his duties as an employee of Defendant Point Security Company, Inc. providing security for Walmart Inc.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the Court may deem proper.   A JURY TRIAL IS DEMANDED.

## Count 4

**JOHN C. SCHIRRA v. THOMAS MALAK, WALMART INC., and POINT SECURITY COMPANY INC.**

**Battery**

137. The prior paragraphs are incorporated by reference as if fully set forth herein.

138. Battery has been described by the Supreme Court of Pennsylvania as "an unconsented touching that is either harmful or offensive." *C.C.H. v. Philadelphia Phillies, Inc.*, 940 A.2d 336, 340 (2008).

139. Defendant intended to have non-consensual physical contact with the Plaintiff and that contact resulted in physical harm.

140. Defendant's contact with Plaintiff would be contact that a reasonable person would find harmful or offensive.

141. Plaintiff suffered actual harm from the Defendant's harmful and offensive touching including:

    a. Being slammed against a metal post; and

    b. Being repeated sprayed with pepper spray.

142. Plaintiff was placed in actual harm and suffered the aforementioned injuries due to Defendants' willful misconduct.

143. At all material times, Defendant Malak was acting within the scope of his duties as an employee of Defendant Point Security Company, Inc. providing security for Walmart Inc.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount in excess of the arbitrations limits, plus costs, punitive damages, and such relief as the

Court may deem proper.   A JURY TRIAL IS DEMANDED.

                Respectfully submitted:

                The Lindsay Law Firm, P.C.,

                */s/ Alexander H. Lindsay*
                Alexander H. Lindsay, Esq.
                Pa. Supreme Court Id. No.
                110 East Diamond Street, Suite 301
                Butler, Pennsylvania 16001
                Phone: (724) 282-6600

                */s/ Max B. Roesch*
                Max B. Roesch, Esq.
                Pa. Supreme Court Id. No. 326577
                110 East Diamond Street, Suite 301
                Butler, Pennsylvania 16001
                Phone: (724) 282-6600