IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN C. SCHIRRA | : | CIVIL ACTION |
| *Plaintiff* | : | NO. 20-cv-01305 |
| v. | : | |
| THOMAS MARAK WALMART INC. and | : | JURY TRIAL DEMANDED |
| *Defendant*. | : | |

## DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES

Answering Defendant, Walmart Inc. (hereinafter referred to as "Walmart"), by and through its undersigned counsel, Law Offices of McDonnell & Associates, P.C., hereby Answers Plaintiff John C. Schirra's (hereinafter referred to as "Plaintiff") First Amended Complaint and asserts its Affirmative Defenses in accordance with the Federal Rules of Civil Procedure as follows:

**VENUE**

1. This paragraph, titled "Introduction" contains statements to which no response is required. To the extent that this paragraph may contain any averments to which a response is required, these averments are generally denied.

**JURISDICTION and VENUE**

2. Denied. Walmart generally denies Plaintiff's purported statement of jurisdiction.

3. Denied. Walmart generally denies Plaintiff's purported statement of venue.

**THE PARTIES**

4. Denied. Walmart generally denies this averment to the extent that it makes no allegations against it.

5. Denied. Walmart generally denies the averments in this paragraph as they are not addressed to Walmart.

6. Admitted in part; denied in part. It is admitted only that Walmart Inc. is a Delaware corporation with its principal place of business located in Bentonville, Arkansas. The remaining averments are denied, including the averment that Walmart Inc. operates grocery and retail establishments throughout the Commonwealth of Pennsylvania. By way of further response, at all times material to Plaintiff's First Amended Complaint, Wal-Mart Stores East, LP operated the retail location in Butler County, Pennsylvania.

## STATEMENT OF FACTS

7.-9. Plaintiff's First Amended Complaint does not include paragraphs 7-9.

10. Admitted in part; denied in part. It is admitted only that Plaintiff arrived at the subject Walmart Store on or about the referenced date and time. The remaining averments in this paragraph are generally denied.

11. Denied. The averments in this paragraph are generally denied.

12. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

13. Denied. The averments in this paragraph are generally denied.

14. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

15. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

16. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

17. Denied. The averments in this paragraph do not specifically refer to Walmart and

are generally denied.

18. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

19. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

20. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

21. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

22. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

23. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

24. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

25. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

26. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

27. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

28. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

29. Denied. The averments in this paragraph do not specifically refer to Walmart and

are generally denied.

30. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

31. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

32. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

33. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

34. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

35. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

36. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

37. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

38. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

39. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

40. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

41. Denied. The averments in this paragraph do not specifically refer to Walmart and

are generally denied.

42. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

43. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

44. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

45. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

**COUNT I**
**JOHN C. SCHIRRA v. THOMAS MARAK AND WALMART INC**
**Violation of 42 U.S.C. 1983**

46. Walmart hereby incorporates by reference the preceding paragraphs as though fully set fort at length herein.

47. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

48. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

49. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

50. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

51. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

52. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

53. Denied. Walmart specifically denies that Marak was employed by Walmart or acting within the scope of his duties as an employee of Walmart at the times averred in Plaintiff's Complaint.

**WHEREFORE**, Answering Defendant Walmart Inc. demands judgment in its favor and against Plaintiff together with costs and attorneys' fees in this matter.

## COUNT II
## JOHN C. SCHIRRA v. THOMAS MARAK AND WALMART INC
### Intentional Infliction of Emotional Distress

54.-119.  Plaintiff's First Amended Complaint does not contain paragraphs 54.-119.

120. Walmart hereby incorporates by reference the preceding paragraphs as though fully set forth at length herein.

121. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart. To the extent that a response is required, these averments are generally denied.

122. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart. To the extent that a response is required, these averments are generally denied.

123. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart. To the extent that a response is required, these averments are generally denied.

124. Denied. The averments in this paragraph are generally denied.

125. Denied. The averments in this paragraph are generally denied.

126. Denied. The averments in this paragraph are generally denied.

127. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

128. Denied. The averments in this paragraph are generally denied.

129. Denied. The averments in this paragraph do not specifically refer to Walmart and are generally denied.

130. Denied. It is specifically denied that Marak was acting within the course and scope of his duties as an employee of Walmart "at all material times."

**WHEREFORE**, Answering Defendant Walmart Inc. demands judgment in its favor and against Plaintiff together with costs and attorneys' fees in this matter.

## COUNT III
## JOHN C. SCHIRRA v. THOMAS MARAK AND WALMART INC
### Assault

131. Walmart hereby incorporates the preceding paragraphs as though fully set forth at length herein.

132. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak. To the extent that a response is required, these averments are generally denied.

133. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak. To the extent that a response is required, these averments are generally denied.

134. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak. To the extent that a response is required, these averments are generally denied.

135. Denied. The averments in this paragraph are nonsensical to the extent that they allege that the **Defendant** was placed in actual harm due to the **Defendants'** willful misconduct. To the extent that a response is required, these averments are generally denied.

136. Denied. It is specifically denied that Marak was acting within the course and scope of his duties as an employee of Walmart "at all material times."

**WHEREFORE**, Answering Defendant Walmart Inc. demands judgment in its favor and against Plaintiff together with costs and attorneys' fees in this matter.

## COUNT IV
## JOHN C. SCHIRRA v. THOMAS MARAK AND WALMART INC
### Battery

137. Walmart hereby incorporates the preceding paragraphs as though fully set forth at length herein.

138. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart

139. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak.

140. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak.

141. Denied. Walmart denies the averments in this paragraph as they are not addressed to Walmart and appear to be addressed exclusively to Marak.

142. Denied. The averments in this paragraph are generally denied.

143. Denied. It is specifically denied that Marak was acting within the course and scope of his duties as an employee of Walmart "at all material times."

**WHEREFORE**, Answering Defendant Walmart Inc. demands judgment in its favor and against Plaintiff together with costs and attorneys' fees in this matter.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Walmart for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to allege and/or set forth a claim against Walmart for a violation of 42 U.S.C. § 1983.

### THIRD AFFIRMATIVE DEFENSE

Walmart is not liable for the intentional acts of an independent contractor.

### FOURTH AFFIRMATIVE DEFENSE

Walmart is not liable for the acts or omissions of any employee that occurred outside of any such employee's scope of employment with Walmart.

### FIFTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages, such damages were caused solely, or in part, by the conduct of a third party over which Walmart exercised no control.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from recovery from Walmart by reason of his own acts and omissions.

### SEVENTH AFFIRMATIVE DEFENSE

If Plaintiff sustained damages, then such damages were caused by intervening or superseding events or factors over which Walmart exercised no control.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by a party who reasonably believed he was acting in self-defense.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's conduct constituted implicit or explicit consent to a physical confrontation.

### TENTH AFFIRMATIVE DEFENSE

Plaintiff's injuries, if any, were caused by a party who reasonably believed he was acting in defense of property.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's conduct acted as a justification and excuse for a reasonable response.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's conduct presented probable cause to reasonably believe that he represented a threat to the health and safety of the property owner and third parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

Walmart asserts the protection of any applicable shopkeeper's privilege, including 18 Pa. Cons. Stat. Ann. 3929(d), as modified to include the right to stop and detain a visitor for breaches of the peace and/or public safety.

### FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs seek compensatory damages for expenses related to medical tests, medications, and treatment, such damages are reduced by the holding in Moorhead v. Crozer Chester Medical Center, 557 Pa. 630 (1998) to the amounts actually due and payable.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Walmart, if any, shall be diminished by the percentage of total negligence attributable to any other liable parties in this action.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are subject to the Fair Share Act, 42 Pa. C.S. § 7102, et. seq. In the event that recovery is allowed against Walmart and liabilities attributed to Walmart, each defendant will be liable for only that portion of the total dollar amount awarded as damages in the ratio of the amount of the defendants' liability to the amount of liability attributed to all defendants and other persons to whom liability is apportioned, including those parties that may be joined as additional defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Walmart hereby incorporates the Fair Share Act, 42 Pa. C.S. § 7102, and asserts that the Defendants' liability shall at all times be several and not joint.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's First Amended Complaint fails to state a claim for punitive damages against Walmart.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were not caused by any actions or omissions of Walmart.

### TWENTIETH AFFIRMATIVE DEFENSE

Walmart reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration, and/or trial.

### CROSS-CLAIM PURSUANT TO F.R.C.P. 13(g)

1. For purposes of this Cross-Claim only, the allegations in Plaintiff's Complaint against Defendant Thomas Marak. (hereinafter "Marak") are incorporated by reference as though set forth at length herein.

2. If Plaintiff sustained such injuries and damages as alleged, which is specifically denied, the injuries or damages were caused by the intentional, reckless, negligent, careless, and otherwise wrongful conduct of Defendant Marak as alleged in the body of Plaintiff's Complaint.

3. If the averments of Plaintiff's Complaint are established as true, which is specifically denied, then for the reasons set forth in Plaintiff's Complaint, Defendant Marak is alone liable to Plaintiff, jointly and severally liable to Plaintiff and/or liable over to Walmart by way of common law contribution and/or indemnification.

4. If the averments of Plaintiff's Complaint are established as true, which is specifically denied, then for the reasons set forth in Plaintiff's Complaint, then any proportionate share of

liability attributed to Defendant Marak should reduce Walmart's liability for damages, if any, to Plaintiff.

**WHEREFORE**, Answering Defendant Walmart Inc. demands judgment in its favor and against all parties together with costs, attorneys' fees. Alternatively, Answering Defendant Walmart Inc., demands that Defendant Thomas Marak is solely and jointly liable to Plaintiff and/or liable to Walmart by way of Contribution and/or indemnity.

                                              **McDONNELL & ASSOCIATES, P.C.**

Dated:  December 22, 2020       By:    */s/ Jill H. Fertel*
                                                      Jill H. Fertel, Esquire
                                                      *Attorneys for Walmart*

## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. SCHIRRA | CIVIL ACTION |
| *Plaintiff* | NO. 20-cv-01305 |
| v. | |
| THOMAS MARAK WALMART INC. and *Defendant*. | JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I, Jill H. Fertel, Esquire hereby certifies that on December 22, 2020, a true and correct copy of Answer to Plaintiff's First Amended Complaint with Affirmative Defenses was filed electronically with the Court and is available for viewing and downloading from the ECF. The document was served on the following via email and first-class mail:

Alexander H. Lindsay, Esquire
Max B. Roesch, Esquire
The Lindsay Law Firm, P.C.
110 East Diamond Street, Suite 301
Butler, PA 16001
*Attorneys for Plaintiffs*

Frank J. Lavery, Jr., Esquire
Andrew W. Norfleet, Esquire
Lavery Law
225 Market Street, Suite 304
PO Box 1245
Harrisburg, PA 17108
*Attorneys for Defendant Thomas Marak*

**McDONNELL & ASSOCIATES**

BY :   *s/ Jill H. Fertel*
Jill H. Fertel, Esquire

Dated: December 22, 2020